IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JAVIER GUILLEN, § | |
| § | |
| PLAINTIFF, § | |
| § | |
| § | |
| v. § | C.A. NO. B-05-292 |
| § | |
| § | |
| STATE FARM MUTUAL § | |
| AUTOMOBILE INSURANCE CO., § | |
| § | |
| DEFENDANT. § | |

## ORDER & OPINION

BE IT REMEMBERED that on May 10, 2006, the Court **GRANTED** the Motion for Summary Judgment by Defendant, State Farm Mutual Automobile Insurance Company, Pursuant to Rule 56, Federal Rules of Civil Procedure [Dkt. No. 12].

## Introduction

This is a breach of contract action based on an automobile insurance policy issued by State Farm Mutual Automobile Insurance Company ("State Farm") to Javier Guillen.  Defendant argues that the territorial restriction in the automobile policy precludes any uninsured motorist coverage for accidents occurring in Mexico.  In the alternative, Defendant contends that the circumstances of Plaintiff's accident do not satisfy the contractual requirements for an uninsured motorist claim.

## Factual and Procedural Background

In Plaintiff's original complaint, Plaintiff alleges that he was injured following an automobile accident on the road near Cerralvo, Nuevo Leon, Mexico [Dkt. No. 1, Ex. A]. Plaintiff blames the accident on a motorist traveling in the opposite direction who

1

allegedly crossed the center of the roadway and caused the Plaintiff to veer off the road and roll over. However, due to Plaintiff's failure to respond to Defendant's Motion for Summary Judgment [Dkt. No. 12], the Court accepts the Defendant's version of the facts as undisputed.

Defendant's motion provides limited details concerning the accident, relying primarily on Plaintiff's admissions [Dkt. No. 12, Ex. B] and Plaintiff's deposition [Dkt. No. 12, Ex. C] to establish the facts. Plaintiff admits that he was operating "a 1992 Honda Accord motor vehicle when involved in an accident on April 9, 2005 in the Republic of Mexico," and that "Plaintiff was the only occupant of the 1992 Honda Accord at the time of the motor vehicle accident." [Ex. B, p. 3]. Plaintiff testified that a Chevrolet pickup was driving in the opposite direction and crossed into Plaintiff's lane causing Plaintiff to change course to avoid hitting the truck. [Ex. C, p. 17]. Plaintiff stated that his vehicle went over an embankment and rolled over. Both parties acknowledge that there was no physical contact between Plaintiff's vehicle and the alleged uninsured motorist traveling in the oncoming lane. [Ex. C, p.20]. Although Plaintiff testified that there was a witness at the scene, Plaintiff has failed to identify or locate a witness. [Ex. C, p. 17].

Defendant's motion provides extensive facts about the insurance policy issued to Guillen by State Farm. The automobile insurance policy was issued in Nebraska while Guillen was performing seasonal work there. Guillen estimates that he spends six months each year living at his home in Mexico, four months working in Nebraska, and two months working in Washington. [Ex. B, p. 13-14]. According to the Declarations Page, the policy includes Uninsured Motor Vehicle coverage [Dkt. No. 12, Ex. A, p. 4]. The general provisions state that the coverages apply "in the United States of America, its territories and possessions or Canada" or while the vehicle "is being shipped between ports." [Ex. A, p. 12]. However, the liability, medical payments and physical damage coverages "also apply in Mexico within 50 miles of the United States border." [Ex. A, p. 12]. The uninsured motor vehicle coverage requires that either (1) the uninsured vehicle struck the insured or the vehicle occupied by the insured or (2) the insured reported the accident to proper law enforcement and an independent and disinterested witness, other than the insured or any occupant of the insured's vehicle,

corroborated the facts of the accident. [Ex. A, p. 19].

Javier Guillen filed suit against State Farm in the Cameron County Court At Law No. 3 on November 7, 2005.  Defendant removed the action on November 18, 2005 [Dkt. No. 1].  Defendant filed an answer and an amended answer [Dkt. No. 3, 11].  On March 29, 2006, State Farm moved for summary judgment [Dkt. No. 12] and Plaintiff did not respond to Defendant's motion.

## Motion for Summary Judgment Standard

Summary judgment shall be granted if the record, taken as a whole, "together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c). Factual controversies, if any exist, are resolved in favor of the nonmoving party.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc).  The party making a summary judgment motion has the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings and discovery documents that demonstrate the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Although the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, the party "need not negate the elements of the nonmovant's case."  *Little*, 37 F.3d at 1075 (*citing Celotex*, 477 U.S. at 323).

If the moving party meets this burden, the non-movant must designate specific facts, beyond the pleadings, showing there is a genuine issue for trial.  Fed. R. Civ. P. 56(e).  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Little*, 37 F.3d at 1071 (*citing Celotex*, 477 U.S. at 325).  When the moving party has carried its burden under Rule 56(c), the nonmovant must do more than "simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The nonmovant must present more than a mere scintilla of evidence.  *See Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).  The evidence must be viewed in the light most favorable to the nonmovant. *See Whelan v Winchester Prod. Co.*, 319 F.3d 225, 228 (5th Cir. 2003); *Walker v.*

*Thompson*, 214 F.3d 615, 626 (5th Cir. 2000). Summary judgment should be granted "when the nonmoving party fails to meet its burden to come forward with facts and law demonstrating a basis for recovery that would support a jury verdict." *Little*, 37 F.3d at 1071.

     Plaintiff has not filed a response to State Farm's Motion for Summary Judgment. Local Rule 7.4 states that failure to respond to such a motion is interpreted as a representation of no opposition. Nevertheless, the Court cannot grant summary judgment simply because there has been no opposition to the motion. *Hibernia Nat'l Bank v. Admin. Cental Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)(citation omitted). Stated differently, the Court may not issue a default summary judgment. However, the Court may accept as undisputed the movant's version of the facts and grant summary judgment where the movant has met his initial burden of making a prima facie showing of his entitlement to summary judgment. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1355-56 (1986). If the movant fails to meet his initial burden, the nonmovant is not required to respond to the motion. *See John v. State of Louisiana (Board of Trustees for State Colleges and Univ.)*, 757 F.2d 698, 708 (5th Cir. 1985). Yet, once a movant meets the initial burden, the nonmovant is not permitted to rest on the "mere allegations of his pleadings." *Isquith for and on Behalf of Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 199 (5th Cir. 1988).

### Choice of Law

     As a preliminary matter, the court must determine what substantive law governs the contract claim in this case. Defendants argue that the application of Nebraska law is proper under the Restatement (Second) of Conflict of Laws. Plaintiff has not responded specifically to Defendant's motion, but the filing of this lawsuit in Texas state court indicates that Plaintiff most likely sought the application of Texas law.

     A federal court with diversity jurisdiction follows the choice of law rules of the state in which it sits. *Klaxon v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *Alberto v. Diversified Group Inc.*, 55 F.3d 201, 203 (5th Cir. 1995). Therefore, this court

applies Texas choice of law principles to determine whether Texas or Nebraska law should apply to the contract claim. The Texas Supreme Court has adopted the "most significant relationship" test from section 188 of the Restatement (Second) of Conflict of Laws for contract disputes. *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex. 1984); *Maxus Exploration Co. v. Moran Bros. Inc.*, 817 S.W.2d 50 (Tex. 1991). The Court looks to the quality of those contacts with the forum. *Id.* The contacts are evaluated within the general framework of principles laid out in section 6 of the Restatement (Second) of Conflict of Laws. *Id.* at 420-21.

The Restatement offers specific guidance for resolving which law applies to contract cases. In determining which state has the most significant relationship to the transaction, "the contacts to be taken into account" include: (a) the place of contracting; (b) the place of negotiation of the contract; (c) the place of performance; (d) the location of the subject matter of the contract; and (e) the domicil, residence, nationality, place of incorporation and place of business of the parties. Restatement (Second) of Contracts § 188 (1971); *see Access Telecom, Inc. v. MCI Telecommunication Corp.*, 197 F.3d 694 (5th Cir. 1999); *Gruber v. Deuschle*, 261 F. Supp. 2d 682 (N.D. Tex. 2003). The contacts should be evaluated according to their relative importance with respect to the particular issue in the case. *Id.* The local law will usually be applied where the place of negotiation and the place of performance are in the same state. *Id.*

In its choice of law analysis, the Court may make factual determinations. *See Nunez v. Hunter Fan Co.*, 920 F. Supp. 716, 717-18 (S.D. Tex. 1996). The facts on which choice-of-law depends are properly determined by the Court after considering the affidavits, depositions, and other matters submitted by the parties. *Vaz Borralho v. Keydril Co.*, 696 F.2d 379, 386-87 (5th Cir. 1983).

With the Motion for Summary Judgment [Dkt. No. 12], Defendant submits the insurance contract between the parties [Ex. A], Plaintiff's Responses to Defendant's Requests for Admissions [Ex. B], and the transcript of the deposition of Javier Enrique Guillen [Ex. C] as evidence in support of the application of Nebraska law. As Plaintiff failed to respond to the motion, Plaintiff submits no evidence in support of the application of Texas law. Plaintiff's automobile insurance policy was issued using the

Nebraska Policy Form 9827.6 from the Lincoln, Nebraska State Farm office [Ex. A, p. 8]. Plaintiff resided in Nebraska and provided a Nebraska address at the time of issuance [Ex. B, p. 3-4]. Utilizing the information Plaintiff provided to State Farm, the Nebraska address was used to calculate the rates [Ex. A, p. 4]. Thus, the place of contracting, the place of negotiation, and the location of the subject matter of the contract were Nebraska. The place of performance is most likely either Nebraska or Illinois as either the home office or the regional office would process the claim. Although Plaintiff is domiciled in Mexico, he was a resident of Nebraska at the time of issuance of the contract. State Farm is an Illinois corporation with its principal place of business in Illinois. State Farm has a Nebraska office that issued the policy. The coverages provided by the insurance policy are the main concern for this motion for summary judgment. Therefore, Nebraska has the most significant relationship with the transaction as the state in which the contract was negotiated and issued. Nebraska law shall govern the contract claim in this case.

## Territorial Restrictions on Uninsured Motorist Coverage

Guillen contends that the policy should cover the accident in Mexico. State Farm asserts that the territorial restriction in the policy precludes uninsured motorist coverage because the accident occurred in Mexico. Nebraska courts have not addressed the question before this Court. Whether the territorial restriction in State Farm's uninsured motorist policy violates Nebraska public policy is an issue of first impression. Under these circumstances, the Court must determine how the Nebraska Supreme Court would decide the issue utilizing an *Erie* analysis. *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Jackson v. Johns-Manville Sales Corp.*, 781 F.2d 394, 397 (5th Cir.)(en banc) *cert. denied*, 478 U.S. 1022 (1986). In the present case, other federal courts have held that the territorial restriction limiting uninsured motorist coverage is valid in the context of specific insurance statutory schemes in states other than Nebraska.[1] Additionally,

---

[1] *Curtis v. Allstate Ins.*, 631 F.2d 79 (5th Cir. 1980)(holding that the policy's territorial restriction limiting coverage in Mexico was not prohibited by Louisiana uninsured motorist statute or Louisiana public policy); *Boatner v. Atlanta Specialty Ins.*, 115 F.3d 1248 (5th Cir. 1997)(holding that the Mississippi

many state courts have held that the territorial restriction governing uninsured motorist coverage is valid under the public policy of individual states.[2]

In Nebraska, "the right of an insured to recover benefits from his or her insurer requires a court to review the scope of the insurance contract as well as any statutes governing the contract provisions." *Johnson v. United States Fidelity & Guaranty Co.*, 696 N.W.2d 431, 437 (Neb. 2005). The automobile insurance policy issued in Nebraska to Plaintiff includes a general provision entitled, "Where Coverages Apply," at the beginning of the policy [Dkt. No. 12, Ex. A, p. 12]. "The coverages you chose apply: (1) in the United States of America, its territories and possessions or Canada; or (2) while the insured vehicle is being shipped between their ports." However, this territorial restriction is followed by an exception for "liability, medical payments and physical

---

legislature did not intend that Mississippi Uninsured Motorist Act would provide Mississippians worldwide uninsured motorist coverage when an accident occurred in Honduras); *Resnick v. Chubb Corp.*, 74 Fed. Appx. 216 (3rd Cir. 2003)(holding that the Pennsylvania excess insurance policy was not required to provide uninsured motorists coverage to the same extent it provided liability coverage for an accident in Brazil).

[2] *Robles v. California States Auto. Ass'n*, 79 Cal. App. 3d 602 (Cal. Ct. App. 1978)(holding that there is no California statute or public policy requiring the insurer to extend coverage to accidents occurring in Mexico); *Gonzalez v. Allstate Ins.*, 51 P.3d 1103 (Colo. Ct. App. 2002)(holding that the territorial restriction for uninsured motorist claims did not violate Colorado public policy); *Fischer v. State Farm Mutual Auto Ins.*, 495 So.2d 909 (Fla. Dist. Ct. App. 1986)(holding that the policy restriction on uninsured motorist coverage to United States and Canada was valid); *Mijes v. Primerica Life Ins.*, 740 N.E.2d 1160 (Ill. App. Ct. 2001)(holding that the territorial restriction in UM coverage did not violate Illinois public policy); *Degollado v. Gallegos*, 917 P.2d 823 (Kan. 1996)(holding that despite the absence of a territorial restriction in the Kansas statute mandating uninsured motorist coverage, the policy provision limiting UM coverage was not void); *Heinrich-Grundy v. Allstate Ins.*, 525 N.E.2d 651 (Mass. 1988)(holding that the policy territorial restriction on UM coverage was valid and enforceable); *State Farm Auto. Ins. v. Cabuzzi*, 462 A.2d 129 (N.H. 1983)(holding that the policy unambiguously limited UM coverage to accidents occurring within the United States and Canada and New Hampshire Financial Responsibility statute did not require coverage for accident in Mexico); *Prudential Property & Casualty Ins. v. Myers*, 557 A.2d 686 (N.J. Super. Ct. App. Div. 1989)(holding that the territorial limitation on uninsured motorist coverage was not void as against public policy); *Dominguez v. Dairyland Ins.*, 942 P.2d 191 (N.M. Ct. App. 1997)(holding that the territorial limitation clause in the policy was valid); *Fazio v. Hamilton Mutual Ins.*, 835 N.E.2d 20 (Ohio 2005)(holding the Ohio statute did not prohibit insurers from limiting uninsured motorist coverage to accidents occurring in the United States and Canada); *Hall v. Amica Mutual Ins.*, 648 A.2d 755 (Pa. 1994)(holding the territorial limitation is consistent with public policy); *Pollard v. Hartford Ins.*, 583 A.2d 79 (R.I. 1990)(holding that the policy restriction limiting uninsured motorist coverage to accidents in the United States, Canada, and Puerto Rico was valid); *Marchant v. South Carolina Ins.*, 316 S.E.2d 707 (S.C. Ct. App. 1984)(holding the territorial limitation clause in the policy was valid); *Lovato v. Liberty Mutual Fire Ins.*, 742 P.2d 1242 (Wash. 1987); *Hillmer v. Integrity Mutual Ins.*, 492 N.W.2d 191 (Wis. Ct. App. 1992)(holding the territorial limitation precluded coverage of a traffic accident that occurred in Mexico).

damage coverages in Mexico within 50 miles of the United States border." The exception does not apply to uninsured motorist coverage. Under Nebraska law, "an insurer may limit its liability and impose restrictions and conditions upon its obligations under the contract not inconsistent with public policy or statute." *Shivvers v. American Family Ins.*, 589 N.W.2d 129, 134 (Neb. 1999).

The Nebraska Motor Vehicle Safety Responsibility Act requires that motor vehicle liability policy shall "insure the person named therein . . . against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of such motor vehicle or motor vehicles within the United States of America or the Dominion of Canada." Neb. Rev. St. § 60-534 (1999). Additionally the definitions provide that "state" means "any state, territory, possession of the United States, the District of Columbia, or any province of the Dominion of Canada." *Id.* § 60-501. Thus, with the statute determining the minimal geographic coverage of liability insurance, the Nebraska legislature has permitted territorial restrictions**.** More specifically, the Nebraska Uninsured and Underinsured Motorist Insurance Coverage Act requires liability insurance policies "arising out of ownership, operation, maintenance, or use of a motor vehicle within the United States, its territories or possessions, or Canada" to provide coverage protecting against the "owner or operator of an uninsured motor vehicle." Neb. Rev. St. § 44-6408 (1996). With this provision, the Nebraska legislature has acknowledged the likelihood of territorial restrictions under liability and uninsured motorist coverages in Nebraska automobile insurance policies. Therefore, no Nebraska statute prohibits territorial restrictions on uninsured motorist coverage. Additionally, the public policy of the state as expressed through the acts of the legislature recognizes potential territorial restrictions.

The uninsured motorist law was enacted to "give a person injured by an uninsured motorist the same protection he or she would have had it he or she had been injured in an accident caused by an automobile covered by a standard liability policy." *Austin v. State Farm Mutual Auto. Ins.*, 625 N.W.2d 213, 217 (Neb. 2001). The Nebraska courts liberally construe this Act to accomplish the indicated legislative purpose. *Id.* (citing *Emery v. State Farm Mutual Auto. Ins.*, 239 N.W.2d 798 (1976)).

Yet, the courts may not "rewrite the statutes to provide a meaning or purpose they do not contain." *Id.*

The Nebraska Supreme Court has looked to the decisions of other jurisdictions when facing an issue of first impression in the insurance context. *See Snyder v. Case*, 611 N.W.2d 409, 415 (Neb. 2000)(citing the cases of Nevada, Massachusetts, Oregon, Kansas, West Virginia, New Hampshire, Colorado, and Arizona as representative of the majority of state courts addressing the issue). In *Snyder*, the Court held that the majority rule was sound and consistent in determining the proper statute of limitation for underinsured motorists claims. *Id.* at 416.

In other cases addressing uninsured motorist coverage issues, the Nebraska Supreme Court has looked to the decisions of other jurisdictions. In *Johnson v. United States Fidelity & Guaranty Co.*, the Nebraska Supreme Court held that uninsured motorist coverages issues were matters of contract law after citing similar cases from Ohio, Kansas, and Missouri. 696 N.W.2d 431, 439-441 (Neb. 2005). For the purposes of uninsured motorist benefits, an insured was covered when riding in a non-covered vehicle. *Reisig v. Allstate Ins.*, 645 N.W.2d 544, 551-52 (Neb. 2002)(citing favorably to similar cases in Maryland and Michigan). When determining the applicability of the household exclusion to roommates under uninsured motorist coverage, the Nebraska Court reviewed the decisions of Tennessee, Florida, Minnesota, and Pennsylvania courts and followed those decisions. *Shivvers v. American Family Ins.*, 589 N.W.2d 129, 136 (Neb. 1999). The Nebraska Supreme Court weighed the decisions of Alabama, Colorado, Maryland, New Mexico, and Oklahoma courts against those of California, Delaware, Mississippi, and Ohio before determining that the Delaware and Mississippi reasoning was more persuasive. *Hood v. AAA Motor Club Ins.*, 607 N.W.2d 814, 818-19 (Neb. 2000).

Based on its previous determinations of uninsured motorist coverage issues, the Nebraska Supreme Court would most likely look to the authority of other jurisdictions. The clear majority of other jurisdictions to consider the question of the territorial restrictions in the uninsured motorist context have held that such policy limitations are valid absent a clear statutory prohibition. Therefore, this Court holds that the Nebraska

automobile insurance policy general provision limiting coverages to the United States and Canada precludes any uninsured motorist coverage of Plaintiff's accident in Mexico. Absent coverage under the insured motorist benefits, Plaintiff fails to establish a genuine issue of material fact with regards to the insurance contract claim.

### Uninsured Motorist Coverage Requirements

The Uninsured Motor Vehicle Coverage in Plaintiff's policy requires that if the uninsured vehicle does not strike the insured or the insured's vehicle, (1) the accident must be reported to proper law enforcement and (2) an independent and disinterested witness must corroborate the facts of the accident [Dkt. No. 12, Ex. A, p. 12]. The Court does not reach the issue of whether Plaintiff met these requirements because coverage is precluded by the territorial restriction discussed above.

### Bad Faith Issues

Under Nebraska law, to establish an insurance claim for bad faith, a plaintiff must show an absence of a reasonable basis for denying the benefits of the insurance policy and the insurer's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim. *Williams v. Allstate Indemnity Co.*, 669 N.W.2d 455 (2003). "An insurance company has a right to debate a claim that is 'fairly debatable,' or subject to a reasonable dispute, without being subject to a bad faith claim." *Id. See Stumbaugh v. Allstate Ins.*, 2005 WL 1216199 *2 (Neb. App. 2005). If the insurance company had an arguable basis on which to deny the claim, the insured's bad faith cause of action fails as a matter of law. *Radecki v. Mutual of Omaha Ins.*, 583 N.W.2d 320 (Neb. 1998). The presence of a specific territorial restriction within the insurance policy demonstrates that State Farm had an arguable basis to deny a claim for uninsured motorist benefits when the accident took place in Mexico. Therefore, the Court finds there is no genuine issue of material fact as to the bad faith claims.

### Conclusion

Finding that no genuine issue of material fact exists as to the uninsured motorist contract claim or the bad faith claim, the Court **GRANTS** the Motion for Summary

Judgment by Defendant, State Farm Mutual Automobile Insurance Company, Pursuant to Rule 56, Federal Rules of Civil Procedure [Dkt. No. 12].

DONE this 10th day of May, 2006, at Brownsville, Texas.

_____
Hilda G. Tagle
United States District Judge